**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Igor S. Popov,

　　　　　Petitioner

v.

Reggie Rader, et al.,

　　　　　Respondents

Case No.: 2:26-cv-01171-JAD-BNW

**Order Granting Habeas Petition and Denying as Moot Motion for Temporary Restraining Order**

[ECF Nos. 9, 10]

Petitioner Igor S. Popov is a citizen of the former Ukrainian Soviet Socialist Republic who arrived in the United States in 1995 and was ordered removed in 2012.  He was released from custody after his removal order became final because Immigration and Customs Enforcement[1] (ICE) agents were unable to secure his removal to Ukraine.  But on July 15, 2025, ICE arrested Popov, and he has been detained at the Henderson Detention Center ever since.

In April 2026, Popov filed a pro se petition for a writ of habeas corpus seeking his release from custody.  The court appointed counsel, who filed a first amended habeas petition and a motion for a temporary restraining order seeking Popov's immediate release.  Popov argues that ICE has detained him for too long without showing that he is likely to be removed in the reasonably foreseeable future, that the government violated its own regulations when it re-detained him without following established procedures for revoking his order of supervision, and that ICE's policy of removing noncitizens to a third country without adequate notice or a hearing violates his due-process rights.  Popov's habeas petition and TRO motion are fully briefed.

---

[1] ICE has had different institutional names throughout the years.  To simplify matters, I refer to the agency with the power and authority to remove noncitizens as ICE even if it may have been called something else when Popov was ordered removed.

I grant Popov's habeas petition in part.  Popov has been detained for at least ten months under his order of removal.  He has shown that there is no good reason to believe that his removal is forthcoming, and the government has failed to present any competent evidence suggesting otherwise.  Indeed, the government's response argues that Popov must remain detained under a statutory provision that applies only to noncitizens who are awaiting a removal decision, but Lopez has been subject to a removal order for more than a decade.  Popov hasn't shown, however, that the government failed to properly revoke his order of supervision or that he will be subject to a third-country removal, so I deny relief related to those claims.

I thus order Popov's immediate release, subject to reasonable conditions.  I also prohibit the respondents from re-detaining Popov absent a demonstrable change in circumstances in ICE's ability to remove him.  Finally, because the claims in Popov's petition have been resolved, I deny as moot his motion for a temporary restraining order.

## Background

Igor Popov is a citizen of the former Soviet Ukraine who came to the United States in 1995 with his parents, who had work permits.[2]  In 1998, Popov became a lawful permanent resident.[3]  On June 27, 2012, an immigration judge ordered him removed to Ukraine following a state-court drug conviction.[4]  ICE could not effectuate his removal to Ukraine at that time, so Popov was released on an order of supervision.[5]

---

[2] ECF No. 9 at 4.

[3] ECF No. 14-1 at 3.

[4] ECF No. 14-2; ECF No. 9 at 5.

[5] ECF No. 9 at 5; ECF No. 14 at 1–2.  Popov contends, upon information and belief, that he was detained for nine months in 2013 while ICE attempted to effectuate his removal.  Because I find that the length of Popov's detention following his 2025 arrest warrants habeas relief, I do not consider Popov's allegations that his total detention period under 8 U.S.C. § 1231 was much longer.

In May 2025, Popov was arrested and detained at the Clark County Detention Center on firearms charges.[6]  ICE lodged an immigration detainer on Popov, and he was transferred to ICE custody on July 15, 2025.[7]  He has been detained at the Henderson Detention Center ever since.

**Discussion**

**A.      This court has jurisdiction over Popov's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[8]  That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained.  The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[9]

**B.      Popov has shown that he is entitled to relief on his prolonged-detention claim.**

*1.      The government has authority to detain noncitizens after they have been ordered removed.*

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens.  8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed.  It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," or (iii) the date

---

[6] ECF No. 14-1 at 4.

[7] *Id.* at 3.

[8] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[9] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

the noncitizen is released from non-immigration detention.[10]  During that 90-day period, detention is mandatory.[11]  The statute gives the government the ability to detain a noncitizen beyond that 90-day removal period under § 1231(a)(6) if he is inadmissible, removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy,"[12] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[13]  If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[14]

### 2.    *The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.*

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final.  But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[15]  To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[16]  It determined that six months of post-removal-period detention is presumptively reasonable.[17]  But after six months, the noncitizen must "provide[] good reason to believe that

---

[10] 8 U.S.C. § 1231(a)(1)(B).

[11] 8 U.S.C. § 1231(a)(2)(A).

[12] *Zadvydas*, 533 U.S. at 682.

[13] 8 U.S.C. § 1231(a)(6).

[14] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[15] *Id.* at 690.

[16] *Id.* at 699.

[17] *Id.* at 701.

there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[18]  If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[19]  And as "the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[20]

### 3.   *Popov has shown good reasons to believe that he will not be removed in the reasonably foreseeable future, and the government has not rebutted that showing with any evidence of likely removal.*

As of the date of this order, Popov has been detained for more than ten months since his July 2025 arrest.  So Popov bears the initial burden of showing that there are "good reason[s] to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[21]  To meet that burden, Popov argues that he has been subject to an order of supervision for approximately 14 years and ICE has been unable to effectuate his removal during that time.  He alleges that he has never had a Ukrainian passport and is a citizen of the now-nonexistent Soviet Union, not Ukraine.  He contends that he has complied with ICE's instructions to seek travel documents from Ukraine, but none of those efforts have been successful.[22]  I find that Popov's allegations are sufficient to establish good reason to believe that he is not likely to be removed in the reasonably foreseeable future.

---

[18] *Id.*

[19] *Id.*

[20] *Id.* (cleaned up).

[21] *Zadvydas*, 533 U.S. at 701.

[22] *See* ECF No. 9 at 5, 15–16 (describing unsuccessful attempts to obtain Ukrainian documents in 2013, 2017, and 2025).

The government does not meet its shifted evidentiary burden to show that Popov's removal is foreseeable. Indeed, it doesn't engage in the *Zadvydas* analysis at all. Instead, it contends that Popov is subject to mandatory detention under 8 U.S.C. § 1226(c) because he was ordered removed based on his criminal convictions.[23] But "8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of noncitizens who are in removal proceedings."[24] That detention authority "applies throughout the administrative and judicial phases of removal proceedings"[25] and ends when "removal proceedings have concluded."[26] When a noncitizen becomes subject to a final removal order, detention authority shifts to 8 U.S.C. § 1231(a), and the *Zadvydas* framework for prolonged detention applies.[27] It is undisputed that Popov is subject to a removal order that became final more than a decade ago, so his detention is governed by § 1231(a), not § 1226(c).

The only arguments that the government makes related to the foreseeability of Popov's removal seem to suggest that it does not believe Popov will be removed anytime soon. It notes that, if I grant his petition, the government "requests reservation of the right to effectuate the removal ordered rendered on June 27, 2012, when and if the relations with the country of Ukraine improve and that removal is attainable."[28] So because the government appears to concede that Popov's removal to Ukraine is not currently foreseeable and it fails to present any

---

[23] ECF No. 14 at 2.

[24] *Id.* at 2 (citing 8 U.S.C. § 1226; *Demore*, 538 U.S. at 530).

[25] *Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023).

[26] ECF No. 32 at 2 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303–06 (2018)).

[27] *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008).

[28] ECF No. 14 at 6.

evidence to the contrary, I grant his petition on his claim that his prolonged detention exceeds the government's statutory authority, and I order his release.[29]

## C.     Popov hasn't shown that he's entitled to relief on his remaining claims.

Popov contends that ICE also violated his rights by failing to follow its own regulations for revoking a noncitizen's order of supervision and by maintaining a third-country-removal policy that offends due process.[30]  But Popov contends only upon information and belief that he wasn't given notice of revocation, and its undisputed that Popov was taken into ICE custody following an arrest for criminal activity that would have violated his order of supervision.[31]  I cannot conclude on this record that Popov is entitled to relief on his claim that ICE failed to properly revoke his order of supervision.

I also cannot conclude that Popov's due-process rights will be or have been violated by ICE's third-country-removal policy.  The record reflects that the government has steadfastly attempted to effectuate his removal to Ukraine—the country listed on his removal order.[32]  Because Popov hasn't shown that he is likely to be impacted by the third-country-removal policy, he is not entitled to relief on that claim.

---

[29] I do not consider Popov's separate claim that his prolonged detention violates the Fifth Amendment's due-process clause.  In *Zadvydas*, the High Court interpreted § 1231(a)(6) to prohibit prolonged detention to avoid the constitutional concerns raised by a different interpretation.  I follow in the Supreme Court's footsteps and do not reach Popov's due-process arguments because he is entitled to the relief he seeks under *Zadvydas*'s statutory limitation.

[30] ECF No. 9 at 17–21.

[31] *See* ECF No. 14-1 at 5 (Popov's Form I-213, reflecting that Popov "is currently an Order of Supervision violator, having been arrested by [local law enforcement] and . . . [failing] to report in compliance with his Order of Supervision since 05/13/2020," and noting that Popov's order of supervision "is revoked").

[32] Popov contends that he was given paperwork for Russian travel documents, but he was told not to fill it out.  ECF No. 9 at 5.  I don't find that allegation sufficient to conclude that the government is seeking third-country removal.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Igor S. Popov's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 9] is GRANTED**.  Petitioner **Igor S. Popov must be released from detention within three days of this order, subject to reasonable conditions allowed by law.**  Determining reasonable terms of supervision must not impede the prompt release of the petitioner.[33]

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Popov's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Popov's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Igor S. Popov absent proof of changed circumstances making his removal to Ukraine reasonably foreseeable.**

 IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

IT IS FURTHER ORDERED that Popov's motion for a temporary restraining order **[ECF No. 10] is DENIED** as moot.  The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
May 20, 2026

---

[33] The government requests that I order Popov "to be placed in some form of Alternative to Detention (ATD), as deemed suitable by the Enforcement and Removal Operations division of [ICE]." ECF No. 14 at 6.  I make no findings about the appropriate conditions for Popov's supervision.